UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLARD PURVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:15-cv-0293-WTL-MJD |
| | ) |
| BRENDA HINTON, | ) |
| | ) |
| Defendant. | ) |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Willard Purvis filed an amended complaint in this action on March 9, 2016, contending that his Constitutional Rights were violated while he was incarcerated in the Indiana Department of Correction ("IDOC"). Mr. Purvis claims that the defendant placed him in danger by sharing his charging and sentencing information with another inmate in violation of the Eighth Amendment. The offender the defendant shared the information with has animosity toward prisoners, such as the plaintiff, that had been convicted of sex offenses. Mr. Purvis was allegedly assaulted by this offender in July of 2013. The defendant moves for summary judgment arguing that Mr. Purvis failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which

"demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

Mr. Purvis has failed to respond to the motion for summary judgment. By not responding properly and with evidentiary materials, he has conceded the defendant's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1(e), of which Mr. Purvis was notified [dkt. 33]. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## Discussion

### A. *Undisputed Facts*

At all times relevant to his Complaint, Mr. Purvis was confined by the IDOC at Wabash Valley Correctional Facility ("Wabash Valley"). The IDOC has an Offender Grievance Process which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court. Under the grievance program, offenders may grieve matters that involve actions of individual staff.

The Grievance Process consists of three steps. It begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal grievance to the Grievance Officer of the facility where the incident occurred. If the formal written grievance is not resolved in a manner that satisfies the offender, he may submit an appeal. Exhaustion of the grievance procedure requires pursuing a grievance to the final step. A grievance must be filed within twenty (20) working days from the date of the alleged incident, and exhaustion requires the inmate pursuing an appeal to the final step of the grievance process.

Mr. Purvis alleges that the defendant shared his charging and sentencing information with another offender in 2013. Then on either July 20 or 23, 2013, he was assaulted by this offender. The IDOC's grievance records for Mr. Purvis reflect that he did not file any grievance regarding an incident of being assaulted by another inmate in 2013. The only grievance Mr. Purvis filed in 2013 involved a request for a television.

### B. *Exhaustion*

The defendants argue that Mr. Purvis failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against the defendant.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the

time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

The defendants have shown that Mr. Purvis did not exhaust his available administrative remedies as required by the PLRA. He did not submit any grievances related to the claim in his complaint. Mr. Purvis has not responded to the motion for summary judgment and therefore has not disputed these facts. It is therefore undisputed that Mr. Purvis failed to exhaust his available administrative remedies with regard to his claim in this case. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Purvis's claim should not have been brought and must now be dismissed without prejudice. *See Pozo*, 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

## Conclusion

The defendant's motion for summary judgment [dkt. 26] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 1/10/17

Distribution:

WILLARD PURVIS
DOC # 985367
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronically registered counsel